TATE, Judge.
The plaintiff Mrs. Garris was struck as she was making a left turn from a state highway into the driveway of her home. She and her husband sue to recover damages from the driver and insurers of the overtaking vehicle which struck her. The trial court dismissed the plaintiff’s suit, holding that the negligence of Mrs. Garris was the sole proximate cause of the accident.
Upon their appeal, the plaintiffs-appellants contend that, instead, the overtaking driver, Vincent Jabbia, was solely negligent or else had the last clear chance to avoid the accident. They contend that he failed to keep a proper lookout and heedlessly attempted to pass Mrs. Garris as she slowed to turn at her driveway, although she had made adequate and timely prior signal of her left-turn. See, e. g.: Evans v. Thorpe, La.App. 2 Cir., 175 So.2d 418; Gorum v. Pritchard, La.App. 3 Cir., 173 So.2d 308; DeLaune v. Crawford, La.App. 1 Cir., 39 So.2d 94.
Before the accident both drivers were proceeding north on a paved straight 2-lane highway at a speed of 35-50 mph. The accident occurred at a point 300 feet past the crest of a hill over which both vehicles had just passed. It was a little after noon on a clear March day.
Both drivers substantially agree as follows: Mrs. Garris angled leftward across the center-line in order to turn into her home. At this time, the defendant Jabbia was a short distance behind her (estimated by him at from 30-40 feet), at least partially in the passing lane in order to overtake *487 and to pass Mrs. Garris. Jabbia immediately applied his brakes; the brake-squeal alerted Mrs. Garris and she turned back towards her lane; but nevertheless the right front of Jabbia’s automobile struck the left rear of Mrs. Garris’s vehicle.
The only conflict in the testimony of the drivers is as to when Mrs. Garris sig-nalled her intention to make a left turn. She testified that she turned on her left-turn indicator before the crest of the hill, at least 300 feet before she angled to turn into her driveway. The defendant Jabbia testified that the indicator was turned on almost simultaneously with the turn, and he is corroborated by a third driver (Bates) following both cars.
In finding that Mrs. Garris’s negligence was the sole proximate cause of the accident, the trial court apparently concluded that Mrs. Garris was mistaken (since Jabbia’s failure to notice a timely left-turn signal might have constituted concurrent negligence on his part, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149). We are unable to hold that the trial court committed manifest error in this credibility evaluation of the testimony.
Thus, under the facts found, Mrs. Garris made no adequate left-turn signal before she commenced to turn into a private drive at a time when she was in Jabbia’a immediate path as he was in the process of overtaking her to pass. Mrs. Garris also admitted that she did not see Jabbia approaching from her rear to pass until after she herself had commenced her left turn. Tr. 182-183.
A left-turning driver must ascertain in advance that the turn can be made without endangering normal overtaking traffic; and in this respect, he must not only make adequate signal of his left-turn intention but also adequate observation to his rear to ascertain that the turn can be executed safely. Wesley v. Home Indemnity Co., 245 La. 133, 157 So.2d 467, and cases there cited; Stephen v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 149 So.2d 256. As these cases note, an overtaking driver approaching from the rear is free of negligence when a forward driver makes a sudden unsignalled left turn across his path.
Mrs. Garris’s negligence was thus the sole proximate cause of the accident. The trial court therefore correctly dismissed this suit by her and her husband for damages for themselves and their minor son.
For the reasons assigned, the judgment of the trial court is affirmed at the cost of the plaintiffs-appellants.
Affirmed.