FRUGÉ, Judge.
This is a tort action for property damage instituted by the subrogee-collision insurer, Mount Beacon Insurance Company. The case arises out of an automobile accident which occurred on May 13, 1967, between plaintiff’s insured, W. A. Paul, and the defendant, Mertie Ammons.
The accident occurred near the city limits of Alexandria, Louisiana, on MacArthur Drive, a four-lane separated highway, at its intersection with Rapides Avenue. MacArthur Drive runs in a general north-south direction, and Rapides Avenue runs in a general east-west direction. There is a traffic control device located at the intersection.
After trial on the merits, the district court awarded judgment in favor of plaintiff, generally basing its opinion on acceptance of plaintiff’s version of the accident over that of defendant’s.
Mr. Paul testified that he was proceeding in a northerly direction on MacArthur Drive when he noticed the Ammons vehicle coming west on Rapides Avenue. He assumed that the defendant’s vehicle would stop at the intersection of Rapides and MacArthur Drive, as the light gave him the right of way.
It is to be noted that immediately to the northeast of the intersection of MacArthur Drive and Rapides Avenue, there is an accommodation chute or lane which permits traffic proceeding west on Rapides Avenue to “cut the corner” and proceed upon MacArthur Drive without actually going to the intersection of Rapides Avenue and MacArthur Drive. A vehicle on Rapides Avenue can, therefore, turn just prior to the intersection and proceed first north-westerly and then in a northerly direction onto MacArthur Drive.
Mr. Paul testified that the defendant’s vehicle used this accommodation lane and then proceeded out onto MacArthur Drive. At first, the automobile remained in the right lane, Mr. Paul occupying the left lane. Mr. Paul stated that just when he assumed that this car would remain in the right lane, instead, without giving directional signals, it continued across the right lane into the left or inside lane occupied *315 by Mr. Paul. Upon seeing this, he immediately applied his brakes as hard as he could and attempted to pull his car to the right. This resulted in his causing his wheels to skid and in his striking the defendant’s automobile in the rear, but on the right side of the vehicle.
Mr. Paul’s version of the accident was corroborated by the testimony of Trooper Stephen Cortez, the policeman who investigated the accident. Trooper Cortez, in whom the trial court indicated it had utmost confidence and faith in his ability and integrity in reporting investigation findings, said that from the debris and skid marks on the roadway, he determined that the point of impact between the two vehicles was some sixty feet north of the traffic light situated in the middle of the intersection of Rapides Avenue and MacArthur Drive. These findings indicated that both vehicles had been proceeding in a northerly direction and that at the time of the accident both were in the left or -inside lane of traffic. The Paul vehicle laid down skid marks a distance of some sixty feet from the traffic light to the point of impact that he established. He noted that the two cars coasted the rest of the distance to where they were found on the left shoulder of the road, the Paul vehicle behind the Ammons vehicle, some one hundred and sixty feet from the traffic light, or one hundred feet from the point of impact.
The defendant’s version of the accident is quite contrary to that of plaintiff’s insured. She testified that she was driving west on Rapides Avenue, and that observing that the light was green, she entered the accommodation chute, previously described, stopped at the lane’s merger with MacArthur Drive, and after observing the absence of any traffic whatsoever and that the light on Rapides was still green, proceeded onto MacArthur Drive. She had the intention of crossing over onto the left lane in order to make a left turn on MacArthur Drive, to again head in a westerly direction. She stated that at no time had she ever observed the presence of the Paul vehicle and it was her firm belief that the accident actually happened much further north of the intersection than sixty feet. She thought it was around three hundred feet, about the length of a football field, past $ie red light.
Defendant’s sister, although she arrived at the scene only after the accident had taken place, corroborated defendant’s version of the point of impact. From her observation, the point of impact was closer to three hundred feet from the light.
In reaching a verdict for the plaintiff-appellee, the trial court accepted Mr. Paul’s version of the accident. In order for this court to do otherwise, we will have to find manifest error in the conclusions of the trial court, for it is a well noted principle that the factual determinations of the trial court, particularly when based on an evaluation of the credibility of opposing witnesses should not be disturbed on appeal unless found to be manifestly erroneous. Lewis v. Liberty Mutual insurance Company, 215 So.2d 138 (La.App.3d Cir., 1968) and citations therein.
Following the trial, the defendant “discovered” that a photographer had made pictures of the accident. After obtaining copies of the photographs, the defendant moved to re-open the case and file the photographs into evidence. Plaintiff objected to the re-opening of the case, and based upon the fact that the trial court believed that the photographs could have been obtained before trial.just as readily as they were obtained after the trial, it sustained the plaintiff’s objection.
According to the allegations of error by defendant-appellant, we have for determination in this case three issues — that of negligence and contributory negligence, and that of the plea that we remand this case for a new trial, or that the evidence be reopened to allow introduction of the photographs and the testimony of the witness in regard thereto.
*316 After a close reading of the record and the briefs of counsel, this court has no problem in affirming the conclusion that the defendant was negligent in regard to this accident.
Defendant testified that she had the right of way due to the light on Rapides Avenue being green, but this court, as well as the trial court, was not impressed with defendant’s credibility. It was testified to by the Trooper that at the point from which defendant claims she saw that the light on Rapides Avenue was still green, that said light could not have been seen because it was not exposed in that direction. Further, although a summary of defendant’s testimony would be that the light was green, the court noted, in several instances of her testimony, what could be called discrepancies in that conclusion.
The negligence of defendant is clearly established when one considers the action she took. Defendant pulled onto MacArthur Drive and swerved from the right to the left lane, all while the traffic on that street had the right of way. She pulled out without looking, and changed lanes without signal, because, as she testified, it was her belief that there was no one behind her. It was her intention, in this lane-change maneuver, to slow down and make a left turn. Due to defendant’s carelessness, she created a situation wherein Mr. Paul was prevented from avoiding a rear-end collision with her automobile. Defendant’s actions were undoubtedly the sole proximate cause of the accident.
In regard to the contentions of the defendant that Mr. Paul was guilty of contributory negligence, we feel that the trial court correctly determined the issue, arid we accept its conclusion and cite it as follows:
“The Court is of the opinion that the plaintiff’s driver did everything that he could do to avoid the accident. When he finally realized that the defendant was not just going to get onto MacArthur Drive and stay on the outside lane but was crossing onto the lane in which he was traveling, he immediately applied his brakes, causing his wheels to skid and attempted to go to the right. The defendant argues that the distance of the skidmarks indicates that W. A. Paul was traveling at an excessive rate of speed. The science of correlation of speed and tire marks is not so exact that the Court cah accept a mere 60 feet of skidmarks as indicating speed in excess of 50 miles per hour.”
Thus, Mr. Paul was not guilty of contributory negligence.
In rejecting defendant’s motion- to reopen the case, the district judge noted that he had seen the photographs, that they were used by the lawyers in arguments to the court, and that he felt the photographs did not lend anything to the case. The photographs supposedly would have helped defendant’s case in that they showed skid marks different from those testified to by Trooper Cortez. The court noted, however, that the photographs revealed numerous skid marks from accidents, near accidents, and hot-rodders, and since it could not be verified which, if any, were Mr. Paul’s the photographs really lent nothing to the case either way.
We find no manifest error in the refusal of the court to re-open the case and allow introduction of evidence which was fully available, had defendant looked, during time of trial. Additionally the trial court in its written reasons, indicated to us that it did in fact give sufficient consideration to the photographs and its explanation of their inadmissibility seems sufficient to us. In any case, it is the opinion of this court that the refusal of the trial court to re-open the case and admit the photographs was not manifest error, and does not require remand or a reversal of the decision.
For the foregoing reasons, it is the ruling of this court that the judgment of the *317 trial court in favor of plaintiff-subrogee-appellee, Mount Beacon Insurance Company, and against defendant-appellant, Mertie Ammons, is free of manifest error in law or in fact and for that reason, said judgment is hereby affirmed. Costs to be paid by the defendant-appellant.
Affirmed.