CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained in an automobile accident. From an adverse judgment plaintiff appeals.
The issues relate to the negligence of the defendant motorist and the contributory negligence of the plaintiff.
The accident occurred at about 1:50 p. m. on Sunday, April 12, 1970. It was a clear, dry day. The scene is on Willow Glen Road, a two-way, two-lane street, of blacktop construction, which runs generally east and west in the city of Alexandria, Louisiana.
The general facts are that plaintiff was driving his automobile in an easterly direction and attempted to turn left into the driveway of a church. His vehicle was struck by an ambulance, which was also proceeding in an easterly direction and was attempting to pass plaintiff. In his written reasons for judgment the trial judge found the following facts which are amply supported by the evidence:
“The plaintiff was proceeding down a blacktop road followed by three to four *253 automobiles. The last automobile was an ambulance. The plaintiff testified that he did not see the ambulance but that he saw the other cars. He testified that when he was approximately 75 feet from his turn off he put on his left turn signal and that he put out his left hand as he was making his turn. Under the facts of the case if the plaintiff had observed traffic to his rear he could easily have seen this ambulance in the act of passing the cars following the plaintiff as well as the defendant’s car as at that time the ambulance was in the passing lane. The plaintiff failed to take the necessary precautions prior to making this left hand turn.”
Plaintiff’s principal contention is that he had already commenced his left turn and had crossed the center line of the road before the ambulance pulled out into the passing lane. He says the testimony of the ambulance driver and his passenger is physically impossible. They testified that they were going about 35 miles per hour, and had pulled into the passing lane and were abreast of the automobile immediately in front of them, when they saw plaintiff commence his left turn. Plaintiff argues that at 35 miles per hour the ambulance would have reached the point of impact by the time the plaintiff’s vehicle “barely got across the center line” and would have struck only the left front end of the automobile. Actually, plaintiff’s automobile was almost completely across the passing lane at the time it was struck. The physical facts show that the left front of the ambulance struck the left rear fender of plaintiff’s automobile. The investigating officer placed the point of impact in the passing lane near the center line.
Regardless of these arguments by plaintiff as to speed and distance, we think the trial judge correctly construed the evidence as a whole to show that the ambulance had pulled out to pass the cars in front of it and was in the passing lane when plaintiff turned left.
Plaintiff also argues that even if the ambulance was in the passing lane, he could not see it because it was behind the automobiles to plaintiff’s rear. We find no merit to this argument. At the time of the accident, the ambulance was on an emergency mission transporting a gunshot victim to the hospital. A flashing light on top of the ambulance was in operation. If plaintiff had observed to his rear before commencing his left turn, he could easily have seen the ambulance which was then in the passing lane.
Plaintiff also argues that under LSA-R.S. 32:24, an emergency vehicle may not disregard traffic regulations unless it is “making use of audible and visual signals sufficient to warn motorists.” The evidence clearly shows that the flashing light on top of the ambulance was operating but there is a conflict in the testimony as to whether the siren was functioning. The speed limit at the scene is 25 miles per hour and, as stated above, the ambulance was going about 35 miles per hour. The district judge did not decide whether the siren was in operation. However, regardless of whether the siren was functioning, plaintiff should have seen the ambulance before he commenced his left turn. Thus, even assuming the ambulance driver was negligent in not operating his siren, plaintiff’s recovery is barred by his own contributory negligence.
The applicable rule of law is that a motorist who attempts to make a left turn from a highway into a private driveway has the burden to ascertain before turning that the maneuver can be completed in safety, Lewis v. Liberty Mutual Insurance Co., La.App., 215 So.2d 138 (3rd Cir. 1968) and the authorities cited therein.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.