FRUGÉ, Judge.
This is a companion case to Davis v. Allstate Insurance Company, et al., 286 So.2d 100, in which a separate judgment is rendered by us this date. These are suits for damages for personal injuries arising out of the same automobile accident. The plaintiff, Donna G. Hopson, was the driver and plaintiff, Mrs. Debbie G. Davis, was a passenger in one of the vehicles involved. The defendant, Berlin Leger, was the driver of the other vehicle, which was owned by defendant Inland Water, Inc. and insured by defendant Allstate Insurance Company. A jury in the district court found the defendant Leger free of negligence. All plaintiffs appealed. We affirm.
The decisive issue is whether the defendant Leger was negligent.
Miss Hopson and her passenger testified that on a rainy day they were proceeding in an easterly direction on a narrow blacktopped state highway, at a speed of about 40 miles per hour. They say that as they entered a sharp curve to the south, they saw defendant’s large van truck only two or three car lengths ahead and in their lane of travel. Miss Hopson testified she applied her brakes, and the rear of her automobile swung into the northbound lane, where it struck the truck which had by then returned to its proper side of the highway.
The defendant Leger testified that as he approached the curve, proceeding in a northerly direction, he suddenly saw plaintiff’s vehicle skidding sideways down the highway toward him, with its rear portion coming into his lane of travel. Leger says he applied his brakes and moved to the right-hand shoulder of the road, where he was either proceeding slowly or stopped at the time of impact.
The physical evidence shows that the left rear of the Hopson automobile struck the left front of the truck. The state trooper who investigated the accident testified that *100 glass, dirt, and other debris indicated the point of impact was about three feet east of the center line of the highway and in defendant’s lane of travel. Also, the trooper found defendant’s truck left tire-marks on the shoulder which showed that both its right front and right rear wheels were on the shoulder before the impact.
We find the evidence is clearly sufficient to support the finding by the'jury that defendant Leger was free of negligence.
The factual determination of the jury, particularly when based upon evaluations of credibility of witnesses, may not be disturbed on appeal unless there is found manifest error. Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir., 1971); Schram v. Castille, 223 So.2d 229 (La.App. 3rd Cir., 1971); Lewis v. Liberty Mutual Insurance Company, 215 So.2d 138 (La.App. 3rd Cir., 1971).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
Affirmed.