FRUGÉ, Judge.
This is a tort suit in which the plaintiff Michael Ralph Erwin originally filed suit through his administrator against Dave L. McDonald; his insurer, Stonewall Insurance Company; and Lamar M. Richardson and his liability insurer, Employers Liability Assurance Corporation. Plaintiff subsequently became of age and was substituted as the proper party plaintiff by order of court. Prior to trial, a compromise was reached with the defendant, Richardson and his insurer. The case was tried before a jury which rendered a verdict in favor of Dave L. McDonald and his insurer. From a judgment dismissing his suit, plaintiff has appealed. We affirm.
This suit arises out of a vehicular collision which occurred on November 21, 1969, at approximately 9:30 P.M. at the intersection of Johnston Street and Amaryllis Street in the City of Lafayette, Louisiana. Defendant, McDonald, who was driving a 1966 Cadillac automobile, was traveling in a westerly direction on- Johnston Street. While attempting a left turn maneuver on to Amaryllis Street, his vehicle was struck by a 1969 Ford Cobra automobile driven by Lamar M. Richardson, which was traveling Easterly on Johnston Street. The plaintiff was a guest passenger in the Richardson vehicle.
The plaintiff, together with Lamar M. Richardson, Raymond Perry, and Susan Kubricht, were in Lafayette for the purpose of attending a high school football game. When the accident occurred, they were attempting to locate the stadium where the contest was being held. Testimony established that the parties had left Baton Rouge at approximately 6:00 P.M. in route to Lafayette and had made several stops for the purchase of beer. Shortly before the accident, the parties had stopped at a convenience store on Johnston Street for the purpose of purchasing beer.
As the Richardson vehicle left the convenience store, Richardson proceeded easterly on Johnston Street and stopped for a *162 red light, controlling traffic at the intersection of Johnston and South College Road. Johnston Street is a four-lane main thoroughfare in the City of Lafayette. It was established that the Richardson vehicle was positioned to the rear of the vehicles occupying the right and left eastbound lanes of traffic at the intersection, although the exact location is uncertain.
The defendant, McDonald, had brought his vehicle to a stop in the left turn lane at the intersection of Johnston and Amaryllis, waiting for. eastbound traffic to clear on Johnston Street. As this traffic cleared, he attempted to execute a left turn maneuver onto Amaryllis. He saw the headlights of vehicles facing him' on Johnston Street, which were stopped for a red light at the intersection with South College Road. Defendant testified that as he began his ma-euver, the light facing those vehicles changed from red to green. McDonald estimated approximately four to five seconds elapsed from this time until the impact occurred. (Tr. 166). The distance between intersections is 375 feet. He states he never saw the vehicle in which plaintiff was traveling until the impact. The defendant’s vehicle was struck in approximately the center of the eastbound lanes.
Two eyewitnesses to the accident testified for the defendant. Especially noteworthy is the testimony of John Melton who kept personal notes of the occurrence to which he referred during his testimony at trial. Melton relates that his vehicle was first in the left lane at the intersection of Johnston Street and South College Road. To his left was a gray Mustang, also first in line occupying the right lane. As the light turned green, the Mustang accelerated faster than Melton and thereafter, the Richardson vehicle accelerated past his vehicle on the right, swerved to the left lane and passed the Mustang some distance ahead. Melton stated the Cobra passed him “very fast” and was almost positive it exceeded the 40 m.p.h. speed limit. (Tr. 182). Melton observed the McDonald vehicle in the left turn lane on Johnston Street with the left turn signal indicator flashing.
The driver of the Mustang, Michael Me-lancon, testified he was first in line at the red light on Johnston Street, and as it turned green he accelerated to approximately 40 miles per hour, the posted speed limit. Melancon stated that the red Cobra driven by Richardson passed him on the left at a speed of approximately 60 miles to 80 miles per hour. He did not see the Cadillac driven by McDonald as his view was blocked by the Cobra.
Robert Canfield testified as an expert witness in the area of acceleration and deceleration. While the expert was unable to calculate the actual speed of the Richardson vehicle, he testified that by calculating the distance of the skid marks which was 73 feet, together with the normal reaction time of the driver, the vehicle was traveling a minimum of 43 miles per hour prior to the attempted stop. This estimate did not include the force of the impact which demolished the Cadillac and the Cobra.
The driver of the automobile in which plaintiff was riding at the time of the accident was given an intoximeter test by Captain Lloyd Loup of the Lafayette City Police Department. Captain Loup was called and examined regarding his training and expertise in the administration of this test. He was accepted as an expert by the court. Captain Loup testified that after correcting the machine, the final result of the test showed a blood alcohol content of .167 in Lamar M. Richardson.
Dr. Edward Trahan, a board certified pathologist, was called to interpret the meaning and the effects of an alcohol content of .167. Dr. Trahan testified that at .167 grams, the average person would be drunk. Dr. Trahan stated that at .10, the peripheral fields of vision were constricted reducing the field of vision of the driver. This he “likened to driving a car at night with sunglasses and binoculars on.” (Tr. 229). Trahan also testified that at this reading the body functions are materially *163 impaired to the extent that it affects a person’s judgment, reflexes, hearing, and mus-ele co-ordination.
Plaintiff insists that the jury disregarded the facts and the law in its decision, particularly LSA-R.S. 32:122 requiring the driver of the vehicle turning left to yield the right-of-way to vehicles approaching. The statutory violation plaintiff insists is negligence per se and was the proximate cause of the ensuing collision. We find, however, that the Supreme Court has expressly rejected this concept and the terminology “negligence per se”. The present rule established by the Supreme Court is statutory violations are merely guidelines for courts in the determination of substandard conduct, hut are not in and of themselves definitive of civil liability. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972); Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971); Weber v. Phoenix Insurance Company of New York, La., 273 So.2d 30 (1973); Smolinski v. Taulli, La., 276 So.2d 286 (1973).
The issue presented here is one of fact, that is the negligence vel non of the defendant, Dave L. McDonald. In response to an interrogatory directed to the negligence of McDonald, the jury found him free from negligence. Since this is a factual determination, this court is limited in its examination of this record to the question of whether the jury was manifestly erroneous in its determination. The jury heard and saw witnesses and evaluated their credibility on the basis of personal observation. They specifically found defendant free from negligence. We find ample evidence in the record to support this determination. In the absence of manifest error, we may not disturb the verdict of the jury. Lewis v. Liberty Mutual Insurance Company, 215 So.2d 138 (La.App. 3rd Cir., 1971); Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir., 1971); Schram v. Castille, 223 So.2d 229 (La.App. 3rd Cir., 1969).
For the reasons assigned, the judgment is affirmed. Costs of this appeal are ás-sessed to the plaintiff-appellant.
Affirmed.