FORET, Judge.
In the early morning hours (approximately 6:30 o’clock A.M.) of June 3, 1975, there was a two-vehicle collision between a log truck owned and operated by plaintiff, Leo Clark, and a 1972 International truck owned by defendant, L. H. Bossier, and operated by defendant, James M. Pope, at the intersection of U. S. Highway 165 and Davis Road in Allen Parish, Louisiana. Thereafter, Leo Clark instituted this suit, in which he prayed for damages for loss of earnings; depreciation on his truck; mental anguish; loss of use of his truck and inconvenience resulting therefrom; the deductible amount of his collision insurance policy; repair and storage of his truck.
Defendants filed answers (in which each made general denials of the allegations of plaintiff’s petition) and reconventional demands. In its reconventional demand, Alexandria Construction Company prayed for reimbursement for the use of the vehicle which it loaned to plaintiff Clark. From judgment in favor of plaintiff Clark, in which $13,800.00 was awarded for lost earnings; $500.00 for mental anguish; $1,000.00 for depreciation of the truck; $158.00 for storage of the truck; and $1,428.40 for truck repair, and in which the reconventional demands were dismissed, defendants appeal. We reverse.
Appellants cite the following as errors of the trial court:
(1) The trial court erred in holding that Leo Clark was not contributorily negligent and in rendering judgment dismissing defendants’ reconventional demands;
(2) The trial court erred in not rendering judgment in favor of defendants or, in the alternative, in not allowing an offset *435 in the amount of judgment for the use by Leo Clark of the truck provided by Alexandria Construction Company.
In our opinion, both drivers were negligent. The accident occurred on a heavily travelled highway, U.S. 165. Clark was attempting to turn to his left on a parish road known as the Davis road. The intersecting road was plainly visible along the highway. It was a blacktopped road to the east of the highway and was gravelled on the west side of that highway. Clark intended to turn to his left on the blacktopped portion of the parish road. Although Clark turned on his left turn signal and slowed down his truck and says that he saw the Pope vehicle a substantial distance behind him, the evidence shows that the Pope vehicle entered the passing lane a substantial distance before the accident occurred and that the front part of the Pope vehicle had reached a point fourteen feet ahead of the front of the Clark truck. Clark simply turned his vehicle to the left into the side of the Pope vehicle as the latter was in the act of passing him. The evidence shows clearly thqt Clark was negligent.
Insofar as Pope is concerned, we find that he also was clearly negligent. Not only was the intersection clearly visible to both drivers as they approached it, but there was a yellow no passing line in the southbound lane at the point where Pope was endeavoring to overtake and pass Clark. The yellow no passing line extended a distance of 750 feet north of the intersection, so there is no question but that Pope should have seen it and should not have undertaken to pass a vehicle at that point.
There is some discussion in the briefs as to whether the yellow line had been placed in that location to indicate that there was a depression in the highway, instead of to warn against the intersection. The evidence shows clearly, however, that the yellow no passing line was put at that location to caution drivers against overtaking and passing other vehicles at the intersection. The photographs in the record, as well as the testimony, show that yellow no passing lines were on Highway 165 both north and south of this intersection. On the north side of the intersection, it prohibited southbound motorists from turning to the left. On the other side of the intersection, it prohibited northbound motorists from turning to the left. There would have been no reason for the yellow line to be changed from one side of the highway to the other at that particular intersection if lines, in fact, were intended to warn against a dip in the highway. In any event, the mere fact that a yellow line was there should have been a warning to Pope that he should not pass the vehicle ahead of him at that point.
In the case of Sullivan v. Welch, 328 So.2d 731 (La.App. 3 Cir. 1976), this Court stated the rule of law as regards the left-turning motorist. At Page 733, we said:
“The duties imposed on a left-turning motorist are well established in the jurisprudence of this state. In the recent case of Bamburg v. Nelson, 313 So.2d 872 (La. App. 2nd Cir. 1975), the court stated:
“Although the driver making a left turn who is involved in an accident is not deemed ipso facto negligent, the cases which characterize the maneuver as dangerous and setting forth the duty of the left-turning vehicle are numerous. The duty of the left-turning motorist is twofold, the first being to give a proper signal, and secondly to make proper observation that the turn can be made without endangering an oncoming or overtaking vehicle. See Lewis v. Liberty Mutual Insurance Company, 215 So.2d 138 (La.App. 3rd Cir. 1968). A left turner must not only give an adequate signal of 'his intention but also make adequate observation to his rear to ascertain that the turn can be safely made. Ardoin v. Chachere, 207 So.2d 574 (La.App. 3rd Cir. 1968).”
See also Williams v. Inabnett, 345 So.2d 1294 (La.App. 3 Cir. 1977.).
The trial court properly ruled that defendant, Pope, was negligent and that his negligence was a cause-in-fact of the accident. However, the trial court also ruled that plaintiff, Clark, was not contributorily *436 negligent. With the latter ruling, we disagree. Under the facts of this case, as we appreciate them, plaintiff, Clark, could, and should, have seen defendant’s truck in its passing maneuver in the north-bound lane of traffic. At the point of impact, the Pope truck was approximately fourteen feet ahead of the Clark truck.
“The duty of observation is the same for both the motorist who discovers the overtaking vehicle and the one who does not.” Bamburg v. Nelson, supra, at pg. 875; Sullivan v. Welch, supra, at pg. 734.
As regards the reconventional demand of the plaintiff-in-reconvention, Alexandria Construction Company, for the loss of the use of its truck, the following facts were elicited at trial: Plaintiff-in-reconvention loaned a truck to defendant-in-reconvention, Clark, on July 22; it thereafter, on August 1, requested that Clark return the truck by August 4th or pay a $50.00 per day rental for the use of its truck; the truck was returned by plaintiff on September 2.
Plaintiff-in-reconvention, Alexandria Construction Company, was under no duty to place its vehicle at the disposal of defendant-in-reconvention, Clark. On August 4, Clark was under an obligation to either return the vehicle or pay a rental for its use. As Clark did not return the vehicle to plaintiff-in-reconvention until September 2, he owes Alexandria Construction Company a rental fee of $1,450.00 (29 days at $50.00 per day).
In accordance with the foregoing, the judgment of the trial court is reversed, and judgment is hereby rendered in favor of defendants, dismissing plaintiff’s demands, with prejudice. Judgment is hereby rendered in favor of Alexandria Construction Company in the amount of One Thousand Four Hundred Fifty Dollars ($1,450.00), plus legal interest thereon from date of judicial demand.
All costs of these proceedings are assessed against the plaintiff, Leo Clark.
REVERSED AND RENDERED.