191 So.2d 150 (1966)
Dayton McCANN and Southern Farm Bureau Casualty Insurance Company, Plaintiffs-Appellees,
v.
Frank MERCER, Defendant-Appellant.
No. 1790.
Court of Appeal of Louisiana, Third Circuit.
October 20, 1966.
*151 Downs & Gremillion, by Field V. Gremillion, Gist, Methvin & Trimble, by DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Watson, Williams, Brittain & Murchison, by Jack O. Brittain, Natchitoches, for plaintiffs-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This is a suit in tort arising out of an automobile accident which occurred on September 20, 1963, on Louisiana Highway 107 in Rapides Parish, Louisiana, approximately one-half mile south of Kolin. Plaintiffs sued to recover $548.40 in damages to the 1962 Chevrolet automobile involved in the accident, which was owned by plaintiff, Dayton McCann, and insured by plaintiff, Southern Farm Bureau Casualty Insurance Company. It is alleged that Bryan McCann, who was driving the automobile in a northerly direction along the highway, was in the process of passing a 1954 Chevrolet pick-up truck, that was owned and being driven by the defendant, Frank C. Mercer, and that the defendant negligently and without warning turned to his left to enter a private driveway, causing the resulting accident and damages. It is alleged that the sole and proximate cause of the accident was the negligence of the defendant in making a left turn in front of the automobile, in failing to give a signal indicating a left turn, in failing to keep a proper lookout, and in failing to determine that the following automobile was overtaking him before making the left turn. In the alternative, it is alleged that defendant had the last clear chance to avoid the accident.
The defendant filed an answer denying that he was at fault in the accident, and pleading alternatively that Bryan McCann was guilty of contributory negligence. The defendant filed a reconventional demand for personal injuries and damages against the plaintiffs, alleging that Bryan McCann was a minor residing with his father, Dayton McCann, and was driving the automobile with his father's permission, and that Southern Farm Bureau Casualty Insurance Company was the liability insurer of the automobile. It is alleged that the sole and proximate cause of the accident was the negligence of Bryan McCann in driving at an excessive and illegal rate of speed, in failing to keep a proper lookout, in failing to observe the left hand signal given by defendant, in failing to sound his horn as a warning of his intention to pass, in attempting to pass at an intersection, in failing to heed the left turn signal, in failing to yield the right-of-way, and in failing to remain in the right lane of traffic after having observed a left hand signal or after having been charged with the duty of observing a left hand signal. Alternatively, the defendant also invokes the doctrine of last clear chance. Plaintiffs filed an answer denying all allegations of the reconventional demand.
The district court found that both drivers were guilty of negligence which proximately caused the accident, and that the doctrine of last clear chance was not applicable, and entered judgment rejecting both the plaintiffs' demands and the defendant's demand in reconvention. From this judgment, the defendant, as plaintiff in reconvention, prosecuted an appeal to this Court. The plaintiffs have answered the appeal.
The issues involved in this case are:
1. Whether or not each driver was guilty of negligence or contributory negligence which proximately caused the accident.
2. Whether or not the doctrine of last clear chance applies.
3. Quantum.
The record shows that the accident occurred at approximately 7:15 A.M. on September *152 20, 1963, on Louisiana Highway 107, approximately one-half mile south of Kolin, in Rapides Parish, Louisiana, at the "T" intersection of the highway with a private driveway or road leading to the residence of one H. F. Sullivan. The highway in this area is paved with asphalt blacktopping some 20 feet 10 inches wide, and is straight and practically flat for approximately one mile to the south and onehalf mile to the north. The private roadway intersecting the highway was not marked, and was not easily seen at the time of the accident because of a high growth of grass. The weather was clear, and the highway was dry.
The defendant was proceeding to the particular driveway in search of some of his cattle which he had been informed were loose in the area. As he approached the driveway from a distance, he slowed his truck from a speed of approximately 35 to 40 miles per hour to approximately 20 to 25 miles per hour. In advance of reaching the driveway, he gave an arm signal for a left turn, and then as he was about 18 to 20 feet away, he began an angling turn into the driveway.
Bryan McCann, a college student, was en route to an early morning class which began at 7:30 A.M. at Louisiana College, and was driving a 1962 Chevrolet automobile owned by his father, Dayton McCann. Both vehicles were traveling in a northerly direction along the highway, and there were no other vehicles in the vicinity. As he approached the defendant's truck from the rear, he was driving approximately 55 to 60 miles per hour, and he began passing the forward vehicle some distance before he reached it. The point of impact occurred some 5 to 8 feet off the west edge of the blacktop, within the driveway, where the front of the automobile struck the truck's left side near the door post. The pick-up truck left no skid marks prior to the point of impact, but the automobile left tire marks of approximately 100 feet to the point of impact. These tire marks began within the west or passing traffic lane on the highway, and were straight, but were at a slight angle to the left to the point of impact. At the point of impact the two vehicles locked together and proceeded over a culvert and into a ditch for some 38 feet before coming to rest.
Frank C. Mercer testified that as he neared the driveway, preparatory to making his left turn, he had gradually slowed the speed of his truck to 20 to 25 miles per hour. He looked twice in the rear view mirror, which was attached on the outside of the truck. On the first view he saw the car in its right lane some two or three city blocks behind him. He testified that shortly thereafter, when he was approximately 200 feet from the driveway, he looked again and didn't believe the car had gained much on him, as it still appeared to be two or so blocks away, and he put out his arm for a left turn signal. He continued the arm signal until he reached the driveway, when he used both hands to turn the steering wheel. He was about 18 to 20 feet from the driveway when he began an angling turn. He did not hear a horn blow and did not look back again after he began giving the left turn signal. He testified that Bryan McCann told him after the accident that he had seen the left turn signal but, "I just thought I could make it by you, but I didn't make it." He further testified that Bryan McCann made statements that he was running late for class and was probably driving a little too fast.
Bryan McCann testified that he was driving about 55 to 60 miles per hour, although he did not take particular notice of his speedometer, and that without reducing his speed, he moved into the left lane to pass the defendant's slow moving truck. There was no other traffic on the highway. As he got closer to the truck, he saw the left turn signal and was "shocked" by it. He testified that he then saw the driveway ahead, and did not know whether or not he *153 had time to stop, but thought he could make it around before the truck reached the driveway. He testified that at the time, he thought the truck was moving very slowly, and that the driveway was further away than it actually was. He estimated it was a half second or possibly a second or two later, when he saw the truck turn across the highway, and then, he hit his brakes and sounded his horn and tried to steer the car toward the ditch to the left in an effort to go in front of the truck. Just before the impact of the vehicles, he laid over the seat to protect himself. He admitted saying at the scene that the accident was caused by his fault, but denied that he told anyone he had not blown the horn, insisting that he had blown the horn at the time he applied the brakes.
The investigating state trooper testified that he found 100 feet of skid marks left by the McCann vehicle, and that the vehicles came to a rest, locked together, approximately 38 feet after the point of impact. He testified that Bryan McCann stated that he was driving approximately 60 miles per hour, and as he started to pass the truck, and while in the left lane, he saw the signal for a left turn, and felt he could get around the truck.
The defendant also called as witnesses three members of the Sillavan family, who lived at a home located some 200 feet from the intersection of the driveway with the highway, and Mr. Adell Fletcher. Mr. Fletcher testified that he had overheard Bryan McCann talking with his father at the scene of the accident, and Bryan said he had seen the left turn signal, but was running late for class and thought he could beat it, and he speeded up to pass, but did not make it. He testified Bryan told his father that he did not blow the horn. None of the Sillavans heard a horn blow, and one of them stated he heard Bryan McCann say that the accident was caused by his fault, and that he had not sounded the horn.
Plaintiff, Dayton McCann, testified that he observed the skid marks left by the right front tire of his automobile, and that the right tire was about three feet off the edge of the blacktop at the point of impact. He testified that his son stated that he had blown the horn and applied his brakes at the same time.
The first issue for our consideration is whether or not each driver was guilty of negligence.
As to the defendant, by his own testimony it is apparent that he did not exercise a proper lookout. Although he knew of the vehicle approaching from the rear, he did not look to the rear immediately before attempting to turn left. If the defendant had looked immediately before attempting the left turn, he would have known that the McCann automobile was in the process of rapidly overtaking him, and that a left-hand turn at the moment would cause an accident. His failure to look immediately before turning was negligence which had a causal connection with the accident.
"A left-turning driver must ascertain in advance that the turn can be made without endangering normal overtaking traffic; and in this respect, he must not only make adequate signal of his left-turn intention but also adequate observation to his rear to ascertain that the turn can be executed safely." Garris v. Jabbia, (La.App., 3 Cir., 1965), 179 So.2d 486, and cases therein cited. See also Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, 1963.
Accordingly, we hereby affirm that portion of the district court's judgment holding defendant negligent in this case.
The trial judge also held that the plaintiff was contributorily negligent in that he should have sounded his horn immediately *154 upon observing defendant making his left turn. We are of the opinion that the trial judge was in error in finding plaintiff contributorily negligent. Plaintiff testified he was traveling about 60 miles per hour when he saw the defendant traveling at a considerably slower speed; the highway being clear, defendant moved into the passing lane when he was 298 feet from the driveway, at which time he was about 166 feet to the rear of defendant's automobile, and defendant's automobile in turn was about 132 feet from the driveway. The defendant put out his left arm for a left turn signal. At 60 miles per hour, plaintiff was going approximately 90 feet per second, which means that he was about 3 seconds away from the driveway. Under the circumstances, we are of the opinion that plaintiff could not or should not have discovered defendant's dangerous situation in time to avoid the accident. Therefore, we find no negligence on his part.
The only damages involved were to plaintiff's vehicle, which amounted to $548.40. The parties stipulated that the damages to the McCann vehicle actually totaled $549.47; however, plaintiff sued for the sum of $548.40; therefore, we are allowing him the latter sum.
For the reasons assigned, the judgment of the district court is affirmed insofar as it holds that defendant was negligent in negotiating his left-hand turn. Judgment is reversed insofar as it finds plaintiff negligent, and accordingly, that portion of the judgment is reversed, null and set aside, and judgment is hereby rendered in favor of plaintiffs, Dayton McCann and Southern Farm Bureau Casualty Insurance Company, and against defendant, Frank Mercer, in the full and true sum of $548.40, together with legal interest at 5% per annum from judicial demand until paid, and for all costs in this Court and in the district court.
Affirmed in part, reversed in part and rendered.