SAVOY, Judge.
This case was consolidated with the case of Ruby Hayes et al. v. Seven Up Bottling Company of Alexandria, Inc. et al., La.App., 212 So.2d 450, for the purposes of trial, since both cases arise from the same traffic accident.
This action arose out of a collision between an automobile driven by Mrs. Florence, Walters and a Seven Up Bottling Company truck driven by Mr. Foot. After a trial on the merits the trial judge rendered judgment against defendant and its insurer, Millers Mutual Fire Insurance Company of Texas, in solido, in favor of Mrs. Florence Walters in the sum of $1,644.00 for her pain and suffering; and in favor of her husband, Craig Lee Walters, in the sum of $1,325.00 as special damages to him. The trial judge also rendered judgment in favor of Mrs. Ruby Hayes in the sum of $250.00 for her personal injuries against defendants; and in favor of her husband, Curtis Hayes, in the sum of $10.00, representing medical expenses to the community as a result of her injury.
From these judgments, defendants have devolutively appealed. No contention is made that the awards of the trial court are excessive.
Florence Walters’ version of the accident was that she had taken her friend, Ruby B. Hayes, with her to a grocery store on Main Street in the City of Alexandria. Upon leaving the grocery store, Mrs. Walters drove to the exit on the north end of the parking lot, which exit faces Main Street. Main Street at this point is a one-way street with two travel lanes. All traffic on Main Street must proceed in a northerly direction. The grocery store was on the left or west side of Main Street.
Mrs. Walters testified that she drove to the intersection of the grocery store’s parking lot and Main Street and waited for the way to clear so that she could turn left (north) onto Main Street.
*445 Mrs. Walters observed traffic proceeding north in both lanes of Main Street when she reached the parking lot exit. She waited for traffic in the left lane of Main Street to pass before entering that lane. She stated that there was some traffic in the right lane of Main Street, and that she saw the Seven Up Bottling Company truck about one-half to three-quarters of a block south of her also in the right lane. After the left lane of Main Street was clear, Mrs. Walters testified she drove her car from the parking lot and headed north in the left lane of Main Street to the corner of Main and Broadway Streets — which distance was about forty-six feet from' the exit of the parking lot out of which she drove — intending to turn left into Broadway Street. (Broadway Street is a two-way street which forms a “T” intersection from the west with Main Street.)
Mrs. Walters testified that from the time did the Walters car leave the left lane left turn indicator on and her hand outstretched, signaling a left turn as she proceeded to the Broadway intersection. At that point she withdrew her arm and turned into Broadway Street, and, upon getting her car completely into Broadway Street, her car was struck on the door on the driver’s side by the Seven Up Bottling Company truck, shoving her car beyond the curb of Broadway Street onto a lot.
At the trial Mrs. Walters and her guest passenger, Mrs. Hayes, testified that at no time did the Walters car leave the left lane of Main Street. Mrs. Hayes also testified that Mrs. Walters did not look to the rear immediately before attempting to turn left.
The truck driver of the Seven Up Bottling Company truck testified that he was proceeding north along Main Street in the left lane at a speed of 35 miles per hour, which was the speed limit there. He stated he saw the Walters’ vehicle pull out from the parking lot when he was some distance from that point. He testified, however, that Mrs. Walters drove her car across the left lane and into the right lane of Main Street before beginning her left turn into Broadway, and that she then turned sharply to her left directly in front of his truck when he was so close to her that he could avoid an accident.
The physical facts reveal that the automobile driven by Mrs. Walters was struck in the center of its left side by the right front fender of the truck driven by Foot. This indicates that the accident occurred in the left lane of Main Street, and not on Broadway as contended by counsel for plaintiffs, and that the Walters car actually had turned to the left from the center lane of traffic in front of the truck.
The investigating officer testified it was his opinion that the point of impact occurred on Main Street, near the middle of the intersection with Broadway.
The evidence reveals that the Seven Up Bottling Company truck left 54 feet of skid marks, all of which were in the left lane of Main Street. These marks curved slightly to the left in the direction of Broadway. This indicates that the truck had remained in the left lane of traffic of Main Street, and that the truck driver veered slightly to his left in order to avoid striking the Walters vehicle.
It is our opinion that Mrs. Walters did not exercise a proper lookout. Mrs. Hayes, a guest passenger, testified that Mrs. Walters never did look to the rear immediately before attempting to turn left. If she had looked to the rear immediately before attempting to turn left, she would have known that the Foot truck was in the process of rapidly overtaking her and that a left turn at the moment would cause an accident. Her failure to look to the reaf immediately before turning was negligence which was the cause in fact of the accident.
In the recent case of McCann v. Mercer (La.App., 3 Cir., 1966), 191 So.2d 150, this Court stated:
“ ‘A left-turning driver must ascertain in advance that the turn can be made *446 without endangering normal overtaking traffic; and in this respect, he must not only make adequate signal of his left-turn intention hut also adequate observation to his rear to ascertain that the turn can be executed safely.’ * * (Citations omitted.)
For a further discussion of the subject matter, see Bankston v. Bueche (La.App., 1 Cir., 1968), 206 So.2d 532.
We likewise find no negligence on the part of the truck driver Foot. Under the circumstances of this case, we are of the opinion that defendant truck driver Foot could not have discovered Mrs. Walters’ dangerous position in time to avoid the accident. Therefore, we find no negligence on his part.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of defendants, Seven Up Bottling Company of Alexandria, Inc. and Millers Mutual Fire Insurance Company of Texas, and against plaintiffs, Craig Lee Walters and Florence Walters, rejecting their demands and dismissing their suit at their costs. Ap-pellees to pay the costs of this proceeding.
Reversed.
Frugé, J., dissents with written reasons assigned. For dissenting opinion see La.App., 212 So.2d 451.