HOOD, Judge
(dissenting).
I concur in that part of the majority opinion, on rehearing, which holds that the driver of the Seven-Up Bottling Company truck was negligent and that Ruby Hayes, the passenger in the Walters car, is entitled to recover. I am unable to agree with that portion of the decision which holds that Mrs. Walters, the driver of the automobile, was free from negligence and that she also may recover from defendants.
A further review of the record convinces me that we erred in holding originally that the driver of the truck was free from negligence. I believe now, as does the majority, that the Seven-Up Bottling Company truck was negligent in endeavoring to overtake and pass the Walters car at an intersection, and in failing to observe the left turn signal given by the driver of that automobile in time to avoid an accident.
I remain firmly convinced, however, that Mrs. Walters, the driver of the car, was grossly negligent in making a left turn directly in the path of the overtaking truck, without first ascertaining that such a maneuver could be made safely. In my opinion her negligence in that respect was a proximate and contributing cause of the accident which bars her from recovery.
*449 The majority has concluded that immediately before the collision occurred the truck was directly behind the car in the same lane of traffic, that both vehicles were travelling north in the left lane of traffic close to the curb, that the Walters automobile was turned to its left as soon as it reached the intersection, that the truck then veered to its left in an attempt to avoid an accident, and that the truck struck the left side of the automobile broadside, mid-way .between the front and rear doors on the left side of the car. I agree with all of those factual findings except the conclusion that the Walters car remained in the left or west lane of traffic on Main Street from the time it left the parking lot until the left turn was begun. In my opinion it would have been physically impossible for the truck to have struck the left side of the car broadside, about in the center of the automobile, if it had been following in the tracks of the car as found by the majority.
The majority found that “less than half” of the Walters car was on Main Street when the vehicles collided. I think a greater portion of that car was still in Main Street at the time of the impact, but regardless of how much of the automobile had crossed over the west curb line of Máin Street into Broadway, the conclusion is inescapable that Mrs. Walters was in the process of making a left turn when her car was struck, that she was facing in a westerly direction at that time, and that when the collision occurred about the rear one-half of her car was still in Main Street extending almost across the entire width of the left or west lane of traffic on that street. The Walters automobile could not possibly have gotten into that position unless it actually had been travelling in the center lane of traffic on Main Street, rather than in the west lane, immediately before the turn was attempted.
The majority has found that the point of impact was on Broadway. In my opinion the evidence shows clearly that it was on Main Street. I think it is immaterial, however, which of the two differing locations is correct, because they actually are only inches apart, one being slightly on one side of the west curb line of Main Street and the other being slightly on the other side of that curb line. The police officer who investigated the accident testified that the debris, the skid marks, and the location of the vehicles after the accident showed that the point of impact was on Main Street. He also testified that Mrs. Walters, the driver of the automobile, admitted to him shortly after the accident occurred that she had not remained in the left lane of traffic on Main Street before attempting the left turn, but instead that she had driven partially into the right lane. His testimony is that “She said she had driven part of it into the right hand lane of traffic, said she straddled the broken white line.” This admission, made by Mrs. Walters at the scene of the accident, conforms to the testimony of the driver of the truck and to the physical facts. The majority has ignored this admission against interest by Mrs. Walters and has held that she did not drive partially into the right lane of traffic as she had stated to the investigating officer. I think my colleagues erred in failing to consider that important admission made by the plaintiff.
Assuming, however, that the facts are exactly as found by the majority, I think my colleagues have erred as a matter of law in finding Mrs. Walters to be free from negligence. Regardless of the position of the two vehicles before the collision occurred, the fact is inescapable that the accident was caused by the left turn made by the Walters car. Mrs. Walters testified that she did not look in her rear view mirror, and that she made no effort at all to ascertain whether such a turn could be made safely before she proceeded to turn into Broadway. She knew the truck was behind her, because she saw it approaching before she left the parking lot, and yet she did not make any further attempt to observe it from the time she left the parking lot until the collision occurred. She simply turned to her left directly in the path of the overtaking truck, without first looking to see if such a turn could be made safely. The accident would *450 not have occurred if she had not made this sudden left turn.
A motorist who attempts a left turn, or who attempts to turn from a direct line on a public street, must ascertain in advance that the turn can be made safely, and a motorist who fails to make such a determination before turning is negligent. Wesley v. Home Indemnity Company, 245 La. 133, 157 So.2d 467 (1963); McCann v. Mercer, 191 So.2d 150 (La.App. 3d Cir. 1966).
In my opinion Mrs. Walters was grossly negligent in failing to observe the truck which was overtaking and passing her before she attempted to make a left turn. Her negligence in that respect was a proximate cause of the accident and I think it should bar her from recovery.
For these reasons I dissent from that part of the majority opinion which holds that Mrs. Walters was free from negligence and permits her to recover damages.
Rehearing denied.
HOOD and SAVOY, JJ. are of the opinion that a rehearing should be granted.