DOMENGEAUX, Judge.
This case comes to us on an appeal by plaintiff Aria B. Stevenson of a judgment denying her recovery for personal injuries and property damage suffered as the result of a vehicular accident which occurred at approximately 2:00 o’clock P.M. on December 2, 1966. At that time plaintiff was the owner and operator of a dry cleaning establishment and in pursuit of her business, was engaged in delivering cleaned clothing to residences. An assistant, Rosa Leonard, was a passenger in the automobile which plaintiff was driving north on Louisiana Highway 1 in Rapides Parish. At a point approximately six-tenths of a mile south of Lena, Louisiana, plaintiff initiated a left turn into an unmarked, private driveway, in the course of which she was struck by an automobile being driven by defendant Henry Pardue in a northerly direction on the same highway.
Plaintiff’s version of the accident has her driving north on Highway 1 at some 30 miles per hour when she noticed defendant driving at a distance of some 150 to 200 feet behind her. When she was roughly 100 feet from the private driveway she turned on her left turn indicator and projected her left arm from the window in order to also give a hand signal. Upon reaching the driveway she began her left turn and had crossed the southbound lane into the driveway itself when she was struck in the left rear portion of her automobile by the right front of defendant’s vehicle. The impact knocked her automobile back onto the highway and left it pointing in a westerly, southwesterly direction. The defendant’s automobile stopped *240 on the driveway facing north, but before the police arrived, the defendant moved his automobile back onto the shoulder of the road. When people arrived on the scene the defendant was insistent that Natchi-toches state troopers rather than Rapides troopers be summoned.
Plaintiff’s testimony was corroborated by that of three witnesses to the accident, her passenger, Rosa Leonard, and two men who were standing beside the highway a short distance north of the driveway in question.
The defendant, a resident of Natchitoch-es, had a substantially different version of the accident. He testified that he was traveling north on La. Highway 1 when he overtook plaintiff’s automobile. He slowed to the speed at which she was traveling, some 35 to 40 miles per hour, and then, seeing no oncoming traffic, attempted to pass her. He was in the southbound lane, approximately two to six feet behind plaintiff’s automobile, when plaintiff turned on her left turn signal and immediately commenced her left turn across defendant’s path. He applied his brakes but being unable to avoid the collision, he struck the left rear of plaintiff’s automobile with the right front of his own. He placed the point of impact in the southbound lane. Following the accident his automobile was on the southbound shoulder of the highway, and in the driveway, facing north. The plaintiff’s automobile was in the southbound lane of the highway facing in a generally westerly direction. The defendant emphatically denied requesting that troopers from Natchitoches be summoned, and moving his automobile after the collision. He added that it was impossible to see through the back window of plaintiff’s automobile as she had the entire area obstructed with hanging clothes.
The two state troopers who investigated the accident shed little light on the dispute. One stated that he merely directed traffic at the scene and had but scant knowledge of what had occurred. The other performed most of the investigation, but his
testimony became highly suspect when his cousin denied the trooper’s statements that he (the cousin) had been present at the scene of the accident. This latter trooper placed the point of impact on the center-line of the highway, based on the location of the debris. The remainder of his testimony generally supported defendant’s version of the events and the trial judge seems to have considered him credible. Although we find him an unconvincing witness, we are not inclined to reject the opinion of the district judge who saw and heard him as well as the other witnesses and thus was better able to judge their credibility than are we.
It can be seen then, that irreconcilable conflicts abound in the testimony. However, even should we take the plaintiff’s version as being correct, she would be unsuccessful in this litigation.
This court has, on several occasions, announced the onerous burden placed on a motorist desiring to make a left turn, especially when his turn is not made at an intersection. We have set forth the applicable law as follows:
“When a left turn is being made at a place other than an intersection, as for instance at a private driveway, the jurisprudence requires a very high degree of care. The driver executing such a left turn must not only give a proper signal but must also observe both oncoming and following traffic to ascertain that the turn can be made with safety.”
Fontenot v. Pan American Fire & Casualty Co., La.App., 209 So.2d 105; Soileau v. Continental Insurance Co., La.App., 228 So.2d 522; McCann v. Mercer, La.App., 191 So.2d 150.
It is clear to us that even if plaintiff gave a proper and timely signal to indicate her impending turn, she failed in her second duty of observing following traffic to ascertain that her turn could be made in safety. It is axiomatic that a motorist is held to have seen that which he *241 should have seen. If plaintiff saw defendant attempting to pass her and began her left turn into his path, she was negligent. If she did not see him before initiating her turn, she was negligent in failing to keep a proper lookout. Under any theory of the case, therefore, we must conclude that plaintiff was guilty of negligence. Having reached this conclusion we need not consider the question of whether defendant was also negligent since if that were the case plaintiff would be barred from recovery by her contributory negligence.
For the foregoing reasons the judgment of the trial court is affirmed at plaintiff’s cost.
Affirmed.