HOOD, Judge.
This is a tort action instituted by Mrs. Freda W. Hickman, individually and as administratrix of the estate of her minor child, David Michael lies, against Robert Allen Fowler and Southern Pacific Transport Company. Plaintiff claims damages for personal injuries sustained by her son as the result of a collision between a motorcycle being operated by her son and a truck being driven by Fowler. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The issues are: (1) Was defendant Fowler negligent? (2) Was plaintiff’s son *552 guilty of contributory negligence? (3) Was Fowler an employee of Southern Pacific Transport Company when the accident occurred ?
The collision occurred at about 11:15 A.M. on May 23, 1968, on U. S. Highway 171, in Beauregard Parish. The highway runs north and south and is straight and level at that point. The weather was clear and visibility was good. A business establishment known as Kern’s Sporting Goods Store is located on the east side of the highway, and the collision took place at a point on the highway directly in front of that store.
Shortly before the vehicles collided Fowler backed his truck up to the front of Kern’s Store to make a delivery. The truck was facing west while it was parked in that position. After the delivery had been made Fowler drove his truck west, across the parking area between the store and the highway, his purpose being to turn to his left and to drive south on Highway 171. When he reached the highway, but before any part of his truck drove into it, he stopped his truck to allow some cars on that road to go by. After the vehicles which he saw had passed, he caused his truck to move westward across the northbound lane of traffic until the front of the truck reached a point across the center line of the highway. He stopped his truck at that point because he saw two motorcycles approaching from his left, traveling north on the highway. One of the motorcycles was being driven by young lies, who was then 17 years of age, and the other was being driven by Van Fletcher, who was about the same age. The Fletcher motorcycle went safely around the front of the truck, but lies fell to the pavement with his machine and he and the motorcycle slid along the highway into the parked truck, lies was injured as a result of that accident.
When the Fowler truck first began to ease onto the highway, Fletcher was driving his motorcycle north, near the center line, but in the northbound lane of traffic, lies was driving his motorcycle north on the same highway, about 30 feet behind and slightly to the right of Fletcher, Both of these young men saw the Fowler truck enter the highway when Fletcher was about 50 or 55 feet from the truck and while lies was about 80 or 85 feet from it. Both of these cyclists applied their brakes and veered to their left, their purpose being to go around the front of the truck. The rear motorcycle, being operated by lies, struck or ran into the one being driven by Fletcher, and that collision caused young lies to lose control of his vehicle. lies’ motorcycle fell to the pavement after it struck Fletcher, and young lies and his machine slid into and partially under the truck.
lies and his companion were driving their motorcycles at speeds of from 30 to 40 miles per hour as they approached the place where the accident occurred. The speed limit in that area was 40 miles per hour. Since Fletcher went around the front of the truck safely, although he was several feet ahead of lies, it is apparent that the latter could also have avoided an accident if he had exercised the same degree of care as had been exercised by the driver of the lead motorcycle.
Plaintiff contends that the sole proximate cause of the accident was Fowler’s negligence in driving his truck from a private driveway onto the main highway, into the path of vehicles lawfully using that highway. Defendants contend that the sole proximate cause of the accident was the negligence of young lies in following too closely behind Fletcher, in failing to keep a proper lookout, in failing to maintain proper control of the vehicle he was driving, and in allowing his motorcycle to collide with the rear of Fletcher’s motorcycle. They take the position that the accident would not have occurred if lies had not run into the rear of the Fletcher vehicle.
*553 The trial judge concluded that lies was guilty of contributory negligence, and that plaintiff thus is barred from recovering in this suit. We think the evidence supports that conclusion.
The law imposes a duty on the following motorist to keep his vehicle under control, to observe the forward vehicle and to follow at a safe distance. The general rule is that when a following vehicle collides with the rear of the lead vehicle, the following driver is considered to be at fault. Walters v. Seven Up Bottling Company of Alexandria, 212 So.2d 443 (La.App. 3 Cir. 1968).
We agree with defendants that the accident involved in the instant suit would not have occurred if young lies had maintained proper control over his motorcycle and had not allowed it to run into the rear of the vehicle being operated by Fletcher. We conclude, therefore, as did the trial judge, that young lies was negligent in failing to properly observe the motorcycle ahead of him, in failing to follow at a safe distance, in failing to maintain proper control over his motorcycle, and in allowing his motorcycle to run into the one which he was following. His negligence in those respects was a proximate and contributing cause of the accident, barring plaintiff from recovery here.
Since we have concluded that plaintiff is barred from recovery because of contributory negligence on the part of her son, it is unnecessary for us to consider the question of whether defendant Fowler was negligent or whether Fowler was an employee of Southern Pacific Transport Company when the accident occurred.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.