HALL, Judge.
The plaintiffs, husband and wife, sued defendant, R. E. Woodard, Jr., and his liability insurer, Employers Insurance Company of Wausau, for injuries and damages arising out of an automobile accident which occurred on May 13, 1970, at approximately 9:35 p. m., on the Sibley Road in Minden, Louisiana. Involved in this accident was an automobile owned by plaintiffs and operated by Mrs. Formby and an automobile owned by defendant, Woodard, and operated at the time by his eighteen year old son, Mike Woodard.
Plaintiffs alleged negligence on the part of Mike Woodard in passing in a no passing zone; failing to yield the right of way to the Formby vehicle; failing to keep a proper lookout; following a lead vehicle too closely; and attempting to overtake *361 and pass a left-turning vehicle. Defendants answered generally denying the allegations of plaintiffs’ petition and further alleging that the accident was proximately caused by the negligence of Mrs. Formby in making a left turn from the outside portion or lane of the highway; failing to yield the right of way to the Woodard automobile; failing to signal her intention of turning left; violating LSA-R.S. 32:101 and 32:104; and failing to use the degree of care legally required of a reasonably prudent person under the circumstances. Defendants specially pled the contributory negligence of Mrs. Formby as a bar to recovery.
The district court held that Mrs. Form-by’s negligence was the proximate cause of the accident and rejected plaintiffs’ demands. Plaintiffs appealed. We affirm the judgment of the district court.
Prior to the accident, both vehicles were proceeding in a northerly direction along Sibley Road at approximately the same speed of about 25 to 30 miles per hour. The Woodard car was following the Form-by car.
At the scene of the accident the Sibley Road is intersected by Midland Street from the east forming a “T” intersection. On the west side of the Sibley Road, slightly offsetting the Midland Street intersection to the north, is a private driveway leading to a garage apartment, which was the driveway into which Mrs. Formby intended to turn. At this point the Sibley Road is two lanes but a short distance north of the Midland Street intersection it changes to four lanes. At the point of the accident the northbound lane of the Sibley Road, although marked as a single lane, is twenty feet six inches in width, being wide enough for two vehicles. At the scene of the accident there were double yellow lines prohibiting passing in either direction.
The evidence discloses Mrs. Formby began a left turn into the private driveway on the west side of the Sibley Road and her automobile was struck at the center of her left door by the right front corner of the Woodard vehicle.
The investigating police officer testified the Formby vehicle was angled across the northbound lane but was not across the center line of the road, with its right rear wheel near the east curb. He testified the Woodard vehicle was parallel to the center line of the road in the northbound lane. The position of both automobiles in the northbound lane as testified to by the investigating officer is a significant factor in the decision of this case.
Mrs. Formby and a passenger in her automobile, Mrs. Deborah Kay Long, testified they had noticed Woodard’s car behind them and were concerned about it because he would get very close and then slacken his speed. They testified Mrs. Formby put on her left turn blinker light an appropriate distance south of the accident scene, that the Woodard car was still behind them but not so close when Mrs. Formby commenced her turn, and that she was struck by the Woodard vehicle as she was making the left turn. Mrs. Long testified Mrs. Formby was near the center line when she commenced the turn but Mrs. Formby testified she did not know what part of her lane she was in at the time she began her turn. Parker James Long, husband of Mrs. Long, and Danny Jenkins, brother of Mrs. Formby, who were standing near the garage apartment, testified they saw Mrs. Formby coming north on the Sibley Road and saw her signal light blinking for a left' turn. All of plaintiffs’ witnesses testified at least part of Mrs. Formby’s automobile was across the center line at and after the moment of impact.
Mike Woodard and his passenger Susan Lowe, testified that as they approached the place of the accident, the car ahead of him slowed down and pulled to the right, at which time he moved toward the center of the northbound lane anticipating the change of the road into a four-lane road just north of the Midland Street intersection. He was about one and one-half car *362 lengths behind the Formby car when it turned left without warning in front of his car. He applied his brakes but was unable to stop before striking the Formby vehicle. He was in the northbound lane at the time of impact and after the impact his automobile was in the northbound lane or perhaps on or slightly across the center line. Both of defendants’ witnesses testified Mrs. Formby did not have her left turn blinker lights on.
The trial judge concluded:
“After having carefully studied the transcript of evidence, the briefs of able counsel for both parties, and having visited the scene in passing on numerous occasions since the trial, this Court is of the opinion that the accident occurred as result of Mrs. Formby’s having attempted to make a left turn into a private driveway at night from a point away from the center of the highway and without ascertaining if she could do so with safety to herself and overtaking traffic, and that her negligence was the proximate cause of the accident.
“This conclusion was reached by the Court primarily because of the fact that the location of the cars as found by the investigating officer does not bear out Mrs. Formby’s or her witnesses’ version of how the accident occurred. Had she been at or near the centerline with her left turn indicator functioning, when she began her left turn, and the Woodard vehicle had struck her in the left door certainly both vehicles would have had to have been partly across the centerline after they came to rest. Officer Wallace’s testimony and his diagrams clearly show that this was not the situation and bear out Mike Woodard’s and Susan Lowe’s version of how this accident occurred.
“One of the most recent cases where a similar type factual situation was presented to the Third Circuit Court of Appeal is Stevenson v. Pardue, [La. App.,] 244 So.2d 239. In that case [a] left turning motorist was struck by the overtaking vehicle after having given a left turn signal in attempting to turn into a private driveway. In holding that the plaintiff left turning motorist could not recover, the Court quoted the applicable law as set forth by them in other cases of like nature, as follows:
When a left turn is being made at a place other than an intersection, as for instance at a private driveway, the jurisprudence requires a very high degree of care. The driver executing such a left turn must not only give a proper signal, but must also observé both oncoming and following traffic to ascertain that the turn can be made with safety.’
and commented that in the case before them it was clear that even if plaintiff gave a proper and timely signal to indicate her impending turn, she failed in her second duty of observing following traffic to ascertain that her turn could be made in safety.
“This Court is of the opinion that Mrs. Formby, even if she gave her left turn signal, failed to ascertain that she could make her left turn in safety and particularly so since she testified that she had been aware of the Woodard vehicle very close behind her for some three-tenths of a mile and her passenger testified that she was concerned about the presence of the Woodard vehicle behind them for some time.
“This Court further finds that under the circumstances Mike Woodard did not have a last clear chance to avoid this accident, being only one and a half to two car lengths behind the Formby vehicle at the time the left turn maneuver was begun and driving at the speed of 25 to 30 miles an hour.”
This case presents primarily questions of fact. The decision in the case rests on the accuracy and credibility of and the weight to be given to the conflicting testimony of *363 the several witnesses. The conclusions of the trial judge are entitled to great weight. We concur in his finding that Mrs. Form-by was negligent in commencing the left turn from the eastern or right hand side of the wide northbound lane and also in failing to make proper observation prior to commencing the turn. Her negligence in these respects was a contributing, proximate cause of the accident, and, thus, plaintiffs are barred from recovery. We further agree with the trial court’s finding that Mike Woodard did not have the last clear chance to avoid the accident.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.