CULPEPPER, Judge.
This is a suit for damages for personal injuries. Michael Lamar Poole, who was a minor at the time of the accident but is now a major, was injured when the motorcycle which he was operating collided with a truck being driven by the defendant, Larry J. Smith. From an adverse judgment, defendants appealed.
The decisive issue is whether Michael was contributorily negligent in the operation of the motorcycle.
Michael was driving the motorcycle in an easterly direction on U. S. Highway 84 at about 5:30 p. m. on March 6, 1968. He passed the truck being driven by Smith in an easterly direction approximately three miles before reaching a narrow bridge, approximately 300 yards long, across Old River. From this point, plaintiff and defendant give conflicting versions of the accident.
Michael says that as he crossed the bridge he reduced his speed and gave a left turn arm signal, intending to turn left off the highway onto a gravel road near the east end of the bridge. When he reached the east end of the bridge, a Malibu automobile was approaching from the west, so he turned his motorcycle to the right-hand side of the asphalt pavement and either stopped or almost stopped and put his left foot down near the' white line along the south edge of the pavement. As soon as the Malibu going west had passed, he commenced a left turn. He says he had almost reached the center line of the highway, when the rear of his motorcycle was struck by the front of the defendant’s truck, which was about in the center of the highway. Michael admits that before commencing his left turn he did not look to his rear and was unaware of the proximity of the truck.
The truck driver, Smith, testified the motorcycle passed him a few miles before reaching the bridge, at a speed of about 65 miles per hour. As it approached the bridge, the motorcycle slowed down and the truck caught up. On the bridge the *564 operator of the motorcycle drove close to the railing on the right and appeared to be looking out at the- water. He gave no left turn signal at any time.
Smith says he finally reduced his speed to 15 to 20 miles per hour as he followed the motorcycle. When the motorcycle reached the east end of the bridge, it went on to the shoulder on the south side of the highway, and the boy put his foot down and either stopped or almost stopped. Smith then turned his truck toward the center of the highway to allow a safe distance between the truck and the motorcycle. He says there was no car approaching from the west to prevent his moving partially into the west bound lane. As the truck began to pass the motorcycle, the boy suddenly accelerated and turned to the left, sideswiping the right-hand side of the truck at a point near the center of the highway.
Mr. Smith’s testimony is corroborated in detail by Mr. King, who was a passenger in the truck.
Smith’s testimony is also corroborated by the physical facts. The state trooper who investigated the accident, found tiremarks in the gravel on the south shoulder of the highway indicating that the motorcycle had indeed stopped there and had accelerated as it started its left turn. The trooper also found the point of impact was in the east bound lane, near the center line.
Further physical facts corroborating Smith are the damages to the vehicles. The motorcycle was damaged on the left side. The seat was torn where it was apparently struck by the bed of the truck as the vehicles sideswiped. There was no damage to the rear of the motorcycle.
A further physical fact corroborating Smith and discrediting Michael is that if, as Michael testified, he turned left as soon as the car approaching from the west had passed, then that vehicle would have collided head-on with Smith’s truck which was almost entirely in the west bound lane at the time of impact.
We think the evidence clearly shows the accident occurred in the manner described by Smith and his passenger. However, even assuming for the sake of argument that the motorcycle stopped on the right-hand side of the pavement, rather than on the south shoulder, the result is the same. In either event, Michael Poole was contrib-utorily negligent in making a left turn from a public highway without first.looking to the„ rear to ascertain that he could turn in safety.
LSA-R.S. 32:104, subd. A provides that no person shall turn a vehicle “from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.” Jurisprudence has established the rule that a left turn on a public highway is a highly dangerous maneuver. A left turning motorist has the duty to look not only ahead but to the rear immediately before attempting a left turn, in order to assure that the maneuver can be safely executed, Merritt v. Southern Farm Bureau Casualty Insurance Company, 199 So.2d 594 (La.App., 3rd Cir. 1967); McCann v. Mercer, 191 So.2d 150 (La.App., 3rd Cir. 1966).
Applying these rules to the present case, it is clear that Michael Poole was contribu-torily negligent. If he had looked to the rear before commencing his left turn, he could have seen the truck approaching in clear view, could have stayed where he was, and this accident would not have occurred.
Plaintiffs emphasize the holding of the trial judge that Smith should have -remained in the east bound lane and should not have crossed the double yellow line prohibiting passing on a bridge. They also point to the holding of the trial judge that even accepting the testimony of Mr. Smith and Mr. King that the boy’s operation of the motorcycle was erratic, and that they saw him and slowed down, Mr. Smith should have brought his truck under such control that he could have stopped and avoided the accident.
There may be some question as to whether Smith was negligent in crossing *565 the yellow lines on the bridge, although under the circumstances it appears that he acted reasonably in doing so to afford a safe margin between the truck and the boy on the motorcycle. However, even assuming for the sake of argument that Smith was negligent, it is clear that Michael Poole was guilty of contributory negligence which was a legal cause of the accident and bars recovery.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of defendants rejecting the demands of the plaintiff at his costs. All costs of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.