DOMENGEAUX, Judge.
This case is one of three suits consolidated for trial. The cases remain consolidated on appeal, and we render separate opinions in the consolidated cases entitled Scott v. Evans, 544 So.2d 730 (La.App.3rd Cir.1989), and Wilson v. Colonial General Insurance Company, 544 So.2d 730 (La. App.3rd Cir.1989), although we address the issues of each case in the text of this opinion.
These cases arise out of a rear-end collision which occurred at the intersection of Williams Avenue and Henry Boulevard in the city of Natchitoches. The accident took place just after 9:00 p.m. on August 8, 1986. Mr. Evans was driving an automobile owned by Marilyn Wilson, with her permission, and had stopped the automobile in the southbound lane of Williams Avenue. Mr. Scott was also proceeding south on Williams Avenue, and as he approached the intersection at Henry Boulevard, he rear-ended the Evans automobile.
Mr. Evans sustained personal injuries in the accident and has sued Mr. Scott and his insurer, Colonial General Insurance Company, for those damages. Mr. Scott, in turn, sued Mr. Evans and Champion Insurance Company, which provided coverage on the Evans/Wilson vehicle, for property damages. Finally, Ms. Wilson sued Mr. Scott and Colonial General for the property damage to her vehicle.
After a bench trial, the Court rejected the demands of plaintiffs Evans and Wilson. Judgment was rendered in favor of Mr. Scott on all issues and he was awarded $2,965.96 in property damages. The Court found that not only was the Evans/Wilson vehicle apparently stationary at the time of the collision, but it was situated in a dark or shaded part of Williams Avenue and had no lights on. On appeal, Mr. Evans questions the correctness of this factual finding. He also asserts that the Trial Court was manifestly erroneous in concluding that his negligence was the sole and proximate cause of the accident.
Champion Insurance Company, as a defendant in the suit filed by Terry Scott, also appealed the judgment of the Trial Court. However, because Champion did not file a brief or appear for oral argument, its appeal is considered abandoned.
Our review of the record reveals a reasonable factual basis for the Trial Judge’s finding that Mr. Evans stopped his automobile in the roadway for no apparent reason and with no lights on. We agree with the Trial Judge that such action constituted the sole and proximate cause of this accident.
In reaching a factual conclusion that Mr. Evans was stopped in the roadway without his lights on, the Trial Court relied on the consistencies in the testimony of both Mr. Scott and Roger Chapman, a disinterested third party witness. He then pointed out, in reasons for judgment, the inconsistencies and the incredibility of the testimony of Mr. Evans. There was also mention of possible intoxication on the part of Mr. Evans. We find no manifest error in these findings.
Concerning the issue of causation, Mr. Evans argues on appeal that, notwithstanding the factual findings referred to above, the Trial Judge erred in finding Mr. Evans solely responsible for the accident. While we fully agree that a following driver, such as Mr. Scott, is held to a high standard of care under Louisiana law, we find no merit to Mr. Evans’ contentions in this instance.
La.R.S. 32:81 imposes a high degree of care on drivers of following vehicles. In fact, as a general rule, when a following vehicle collides with the rear of the lead vehicle, the following driver is considered to be at fault. However, as was pointed out in Walters v. 7-Up Bottling Company of Alexandria, 212 So.2d 443 (La.App.3rd Cir.1968), writ refused, 252 La. 948, 215 So.2d 124 (La.1968), “An exception to this general rule of law has been recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid.” 212 So.2d at 448.
The Trial Judge found as a matter of fact that Mr. Evans negligently created a hazard. Further, the record supports the finding that Mr. Scott could not reasonably *730 avoid that hazard. In order for such negligent conduct to be a cause-in-fact of harm to another, it must be a substantial factor in bringing about that harm. Paige v. Commercial Union Insurance Company, 512 So.2d 507 (La.App. 3rd Cir.1987), writ denied, 513 So.2d 823 (La.1987). The negligence of Mr. Evans did play a substantial role in causing the accident.
The evidence in this case supports the finding that this accident was caused by the negligence of Oscar Evans and not by any negligence on the part of Terry Scott.
Accordingly, the judgment of the District Court in favor of Terry L. Scott, Jr. is affirmed.
Costs of this appeal are taxed to appellant.

AFFIRMED.